UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARK WAYNE THIBODEAUX** : **DOCKET NO. 2:18-cv-0483**
  **D.O.C. # 89963**          **SECTION P**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**DARREL VANNOY** : **MAGISTRATE JUDGE KAY**

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Mark Wayne Thibodeaux, who is proceeding *pro se* in this matter. He has also moved to stay the court's consideration of his petition. Doc. 2. Thibodeaux is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary at Angola, Louisiana.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the Motion to Stay [doc. 2] be **DENIED** and that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

I.
BACKGROUND

Following a jury trial, Thibodeaux was convicted in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, of two counts of second degree murder. *State v. Thibodeaux*, 190 So.3d 426 (La. Ct. App. 3d Cir. 2016). In his direct appeal he raised claims pro se and through

counsel, relating to the sufficiency of the evidence, the trial court's failure to rule on pretrial motions before the trial, the trial court's denial of his motion to suppress, motion for supplemental discovery, and motion to quash the indictment. *Id.* He also alleged that the trial court violated his rights under the Confrontation Clause by allowing perjured testimony and hearsay to be offered at trial, and that he was denied his constitutional right to effective assistance of counsel. *Id.* The Louisiana Third Circuit Court of Appeal denied his claims, holding that most were without merit. It declined to consider his ineffective assistance claim because it was more suited to an application for post-conviction relief and dismissed the Confrontation Clause claim for failure to brief. Accordingly, it affirmed Thibodeaux's conviction on April 13, 2016. *Id.* Thibodeaux sought review in the Louisiana Supreme Court, which denied same on April 24, 2017. *State v. Thibodeaux*, 220 So.3d 741 (La. 2017).

      Thibodeaux states that he then filed a timely application for post-conviction relief in the trial court on May 1, 2017, and that following denial of that application in the trial court and of his request for review in the Third Circuit, his request for review is now pending before the Louisiana Supreme Court. Doc. 1, att. 2, p. 10; doc. 2, p. 2. Thibodeaux acknowledges that claims presented in the instant petition are unexhausted in the state courts due to the pendency of his request for review in the Louisiana Supreme Court, and requests that this court grant a "protective" stay/abeyance of his federal petition in order to preserve the timeliness of the matter while he completes state review of his claims. Doc. 2. Specifically, it appears that he is seeking review of several claims from his direct appeal, including his ineffective assistance and Confrontation Clause claims, in his post-conviction application, and that he also raised there for the first time a claim that the state used an impermissibly suggestive identification. Doc. 1, p. 4. All of these claims are raised in the federal petition. Doc. 1, att. 2, pp. 1–4.

## II.
## LAW & APPLICATION

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Exhaustion of State Court Remedies

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before

filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### C.  *Application*

Based on Thibodeaux's admissions, it is clear that at least one of his claims is unexhausted due to the pendency of his writ application in the Louisiana Supreme Court. The district court has discretion to issue a stay when faced with a § 2254 petition containing both exhausted and unexhausted claims under *Rhines v. Weber*, *supra*, in order to allow the petitioner to complete his state court remedies on the unexhausted claims. However, a court's discretion in this matter is not unlimited and the petitioner should show, among other things, good cause for his failure to exhaust all claims before coming to federal court. *Rhines*, 125 S.Ct. at 1534–35.

Here there appears to be no cause for staying this matter pending the completion of state review. Based on his assertions, Thibodeaux's application for post-conviction relief was timely filed under state law and it does not appear that any time accrued under § 2244(d) between when his conviction became final and when he filed his application for post-conviction relief. He is entitled to statutory tolling for the time his application for post-conviction relief remains pending in the state courts. Accordingly, he is under no threat of having the clock run out on his time to file the instant petition in this court while he awaits a ruling from the Louisiana Supreme Court. Meanwhile, it would not serve the interests of justice or judicial economy for this court to grant a stay and allow the matter to linger on our docket until Thibodeaux informs us of the state court's ruling. Accordingly, the Motion to Stay [doc. 2] should be **DENIED**. The petition for writ of habeas corpus should be dismissed due to the presence of unexhausted claim(s), without prejudice to Thibodeaux's right to reassert this matter once all of his claims are exhausted.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion to Stay [doc. 2] be **DENIED** and that the instant petition be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 19th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE